UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THADDEUS RODRIGUEZ,                          )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )          No. 1:21-cv-00843-JMS-MKK
                                             )
B. MARTZ, et al.,                            )
                                             )
                    Defendants.              )

**Order Denying Defendants' Motion for Summary Judgment**

Thaddeus Rodriguez, who is in custody at Pendleton Correctional Facility, filed this action

alleging that the defendants were deliberately indifferent to the risk from unsanitary conditions in

Pendleton's segregated housing unit. Defendants have moved for summary judgment on all

remaining claims. Because a reasonable jury could find that Defendants were deliberately

indifferent to Mr. Rodriguez's health, the motion for summary judgment is **denied**.

**I.**
**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because

there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court views the record in the light most favorable

to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois*

*Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v.*

*Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

"[A] party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572-73 (7th Cir. 2017).

## II.
### Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Mr. Rodriguez was in segregated housing at Pendleton from November 2017 through some time in 2020. Dkt. 77-3 at 6:10−11:8; dkt. 94 at 1. During his time there, the housing unit was infested with birds, insects, and other pests. Dkt. 77-3 at 34:3−18. The birds defecated in the cell range near inmates' cells, and they landed on inmates' food while it waited in the range before delivery. *Id.* at 25:10−26:18. On separate occasions, Mr. Rodriguez found a roach and hair in his

food trays. Dkt. 77-1 at 49; dkt. 77-3 at 31:20−33:10.[1] Each time, Mr. Rodriguez received a replacement tray.

Mr. Rodriguez "constantly asked for cleaning supplies to keep [his] cell clean." Dkt. 77-3 at 20:6−8. He was supposed to receive cleaning supplies daily, and he requested them daily, but he received them only "once or twice a month." *Id.* at 22:7−18. The cleaning supplies he received consisted of a broom and a spray bottle with a watered-down cleaning solution. *Id.* at 20:22−22:6. He improvised his own rags from other materials. *Id.* at 23:9.

Mr. Rodriguez complained to Lieutenant Martz, Lieutenant Jackson, Lieutenant Howard, and Deputy Warden Alsip about the above conditions. *Id.* at 55:8−57:24. However, the conditions persisted throughout his time in segregated housing. Dkt. 1 at 3−4.[2]

In response to a February 2020 grievance by Mr. Rodriguez, Lieutenant Martz explained, "We are in the process of getting this issue under control and in the process of getting things cleaned." Dkt. 77-1 at 10. Mr. Rodriguez appealed the grievance resolution, and the appeal officer responded, "Several staff are involved in determining successful methods to remove and prevent further infiltration by avian pests. At this time several options have proven unsuccessful and our Pest Control staff are pursuing other options within our resources. Any bird feces are to be cleaned when found." *Id.* at 13.

---

[1] In his deposition, Mr. Rodriguez testified that he found a rodent in his food tray. Dkt. 77-3 at 32:1−19. But his contemporaneous grievance and the grievance response indicate that it was a roach. Dkt. 77-1 at 49. The identity of the animal in Mr. Rodriguez's food tray does not affect the resolution of Defendants' motion for summary judgment.

[2] Mr. Rodriguez verified the allegations in his original complaint under penalty of perjury. Dkt. 1 at 6. Thus, even though original complaint is no longer the operative complaint in this action, it remains evidence that the Court may consider at summary judgment. "The verified complaint does not lose its character as the equivalent of an affidavit just because a later, amended complaint, is filed." *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) (cleaned up).

Mr. Rodriguez testifies that he experienced shortness of breath, dizziness, anxiety attacks, and other mental health challenges due to the conditions in segregated housing. Dkt. 77-3 at 47:4−55:7.

**III.**
**Discussion**

Mr. Rodriguez contends that Defendants were each deliberately indifferent to the unsanitary conditions in segregated housing, in violation of the Eighth Amendment.[3] Defendants argue that they were not deliberately indifferent and that they are entitled to qualified immunity.[4]

**A.     Legal Standards**

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720.

---

[3] Defendants treat Mr. Rodriguez's allegations of bird infestation, insect infestation, and denial of cleaning supplies each separately. Dkt. 78 at 6−7 (arguing that Defendants were not deliberately indifferent to either of the infestations and that the denial of cleaning supplies was not objectively serious). But as a matter of logic, a pest infestation amplifies the harm caused by a denial of cleaning supplies, and a denial of cleaning supplies suggests deliberate indifference to the harm caused by a pest infestation. And as a matter of precedent, the Court is bound to consider these allegations as part of a single conditions claim. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("The warden's only response is to pick apart the individual components of [plaintiff's] claim and to suggest that each one, alone, is not intolerable. But [plaintiff] is entitled to have his complaint evaluated as a whole.").

[4] No Defendant argues for summary judgment based on lack of personal responsibility for the alleged constitutional violation. This Order therefore refers to Defendants as a group and does not differentiate among them for purposes of individual liability.

Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted).

Qualified immunity protects government officials from damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" at the time that the conduct occurred. *Campbell v. Kallas*, 936 F.3d 536, 545 (7th Cir. 2017) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). In considering a qualified immunity defense, courts evaluate "(1) whether the facts, taken in the light most favorable to the plaintiff[ ], show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009).

To be "clearly established," a constitutional right "must have a sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). The principle of fair notice pervades the qualified immunity doctrine. *Campbell*, 936 F.3d at 545. Qualified immunity applies unless the specific contours of the right "were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014).

### B.     Application

The outcome here is controlled by the Seventh Circuit's opinion vacating the district court's grant of summary judgment in *Gray v. Hardy*, 826 F.3d 1000 (7th Cir. 2016). Gray, who was incarcerated in Illinois, presented evidence that he saw cockroaches at least every other day, that birds flew around and nested in his cell house, that mice were often present in his cell, and that his cell house was also infested with ants, spiders, flies, gnats, moths, and mosquitos. *Id.* at 1003−04.

Gray received only a towel and watered-down disinfectant spray for cleaning. *Id.* at 1004. A pest control company serviced the prison monthly, and staff removed birds and nests roughly once every three months. *Id.* The Seventh Circuit concluded that evidence of these conditions, when considered together, were enough for Gray's Eighth Amendment claim to survive summary judgment. *Id.* at 1006−09.

Defendants acknowledge *Gray* but argue that the conditions Mr. Rodriguez faced were far less severe. Dkt. 99 at 5. Not so. Mr. Rodriguez testifies that his living conditions were "just nasty, and birds was living in the unit and there was birds shitting everywhere, roaches everywhere . . . I mean, that was not a place to be living or housed because it's so nasty, bugs everywhere." Dkt. 77-3 at 25:10−14. Birds landed on inmates' food before it was delivered to cells. *Id.* at 26:15−20. And at least one pest made its way into Mr. Rodriguez's food. *Id.* at 32:6−11. He requested cleaning supplies every day, but he only received them once or twice a month. *Id.* at 22:10−18. And the supplies he did receive were a watered-down cleaning solution and a broom. *Id.* at 20:22−22:6. A reasonable jury could find that Mr. Rodriguez's conditions, just like the conditions in *Gray*, were objectively serious.

Defendants also contend they are entitled to summary judgment because they took some action to fix some of the problems some of the time. Lieutenant Jackson and Lieutenant Howard replaced Mr. Rodriguez's food tray when he showed them a roach in it. *Id.* at 32:20−24. And staff reported that they were trying to fix the bird problem—though Defendants have provided little-to-no evidence of concrete actions taken to get rid of the birds. *See, e.g.,* dkt. 77-1 at 14 ("At this time several options have proven unsuccessful and our Pest Control staff are pursuing other options within our resources."). Again, this is not meaningfully different from *Gray*, where

prison staff cleared out the birds every three months, used an exterminator service monthly, and washed the floors every other day. *Gray*, 826 F.3d at 1003−04.

Because *Gray* was published in 2016, Defendants were on notice that their alleged failure to remedy the unsanitary conditions of confinement violated Mr. Rodriguez's Eighth Amendment rights. They are therefore not entitled to summary judgment either on the Eighth Amendment claim standing alone or based on qualified immunity.

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [77], is **DENIED**.

On its own motion, the Court reconsiders and **GRANTS** Mr. Rodriguez's motion for assistance with recruiting counsel, dkt. [66]. The Court will attempt to recruit counsel to assist Mr. Rodriguez for the remainder of this action.

Date: 8/23/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

THADDEUS RODRIGUEZ
964882
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only